# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 02-754

MAMERTO D. VALIAO, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided  August 15, 2003   )

*Mamerto D. Valiao*, *pro se*.

*Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Brian B. Rippel*, Deputy Assistant General Counsel; and *Kenneth A. Walsh*, all of Washington, D.C., were on the pleading for the appellee.

Before KRAMER, *Chief Judge*, and IVERS and STEINBERG, *Judges*.

IVERS, *Judge*:  The pro se appellant appeals a March 13, 2002 decision by the Board of Veterans' Appeals (Board or BVA) in which the Board denied entitlement to dependency and indemnity compensation (DIC).  The appellant has filed an informal brief, and the Secretary has filed a motion for summary affirmance.  For the reasons set forth below, the Court will affirm the Board decision.

## I.  FACTS

The appellant is the brother of a deceased veteran who had recognized service in the Philippine Army from December 1941 until his death in August 1942.  Record (R.) at 2, 8, 11.  At the time of his death, the veteran was survived by his mother and the appellant; his father died in 1942, but the Court notes that, from the record on appeal (ROA), it is unclear whether the death of the veteran's father occurred before or after the veteran's death. *Compare* R. at 12 *with* R. at 23.  The veteran's mother passed away in 1948.  R. at 23.  There is no evidence in the record that the veteran's

mother filed for VA death benefits.

In February 2001, the appellant filed an application for DIC "as the surviving brother of the [veteran]." R. at 20-24. The appellant contended that he was entitled to DIC benefits because the veteran's parents did not file a claim for benefits during their lifetimes. The appellant argued that his parents' entitlement to benefits passed to him after their deaths. R. at 23.

In March 2001, a VA regional office (RO) denied the appellant's claim on the ground that, as the brother of the deceased veteran, he had no legal entitlement to compensation. R. at 26. The appellant subsequently filed a Notice of Disagreement (NOD) in which he reiterated his arguments for entitlement to DIC. R. at 28. The RO issued a Statement of the Case (SOC) as to its denial of benefits. R. at 31-34. Subsequently, the appellant filed a Substantive Appeal and further argued his entitlement to DIC on the grounds that his parents never "enjoyed such benefits" and that, "as . . . the brother . . . of the late [veteran]," he had the right to pursue his parents' claim. R. at 36.

In its March 2002 decision, the Board concluded that, as a matter of law, the appellant was not eligible to receive DIC benefits based on the plain language of 38 U.S.C. § 101(5) and (14) and 38 C.F.R. § 3.5(a) (2002). R. at 3-4. The Board reasoned that, because DIC awards are limited to parents, surviving spouses, and dependent children of a deceased veteran whose death was service connected, the appellant was ineligible to receive DIC due to his status as the brother of the veteran. R. at 3-4. With regard to the appellant's argument that he was entitled to DIC because his parents never received such benefits, the Board noted that DIC awards are discontinued at the death of a person entitled to receive such benefits. R. at 4. The Board also found that the RO had provided all required notice and obtained all relevant evidence. R. at 2. With regard to VA's compliance with the notice provisions of the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, § 3, 114 Stat. 2096, 2096-97 (2000) (VCAA) (codified at 38 U.S.C. §§ 5103-5103A), the Board stated:

> VA has a duty to notify a claimant . . . of any information and evidence needed to substantiate and complete a claim . . . [In this case], the discussions in the RO's decision and in the [SOC] adequately informed the appellant and his [then-]representative of the information and evidence need to substantiate [his] claim and complied with VA's notification requirements . . . .
>
> The Board concludes that the RO has complied with, or exceeded, the VCAA mandated dut[y] to notify . . . .

2

R. at 2-3.

## II. ANALYSIS

Dependency and indemnity compensation is "a monthly payment made by the Secretary to a surviving spouse, child, or parent . . . pursuant to the election of a surviving spouse, child, or parent in the case of a [service-connected] death occurring before January 1, 1957." 38 U.S.C. § 101(14) (2002); 38 C.F.R. § 3.5(a) (2002). Individuals who are not included in section 101(14) but who "stood in the relationship of a parent to a veteran" may become eligible for DIC under certain specified circumstances 38 U.S.C. § 101(5); 38 C.F.R. § 3.59 (2002). The appellant does not claim to have acted as a parent and bases his entitlement theory on the assertion that, as his parents' next of kin, he has "inherited" their unclaimed DIC entitlement. R. at 23, 28, 36. The Secretary argues that the Court should affirm the Board's decision on the ground that, as a matter of law, the appellant is not entitled to DIC because he does not meet the criteria of section 101(14). Secretary's Motion (Mot.) at 3. The Court agrees.

The meaning of 38 U.S.C. § 101(14) is unambiguous and authoritatively addresses the issue before the Court: The appellant, as the brother of the veteran, is not entitled to DIC. *See Sabonis v. Brown*, 6 Vet.App. 426, 429 (1994) (stating that plain meaning of language of statute must be given effect unless it would lead to absurd result); *see also Burris v. Principi*, 15 Vet.App. 348 (2001) (denying DIC, as a matter of law, to the elderly child of a veteran). The Board also properly concluded that DIC entitlement stemming from the veteran's service terminated at the death of his parents. *See* 38 U.S.C. § 5112(b)(1) (2002); 38 C.F.R. § 3.500(g) (2002).

In its decision, the Board discussed the applicability of the VCAA and concluded that the RO had met or exceeded the expanded notice requirements of the VCAA. The Secretary contends that, "[e]ven if the Court . . . find[s] that VA did not fully comply with the VCAA . . . , there is no amount of notice . . . that could change the fact that [the] Appellant does not qualify for DIC" and the question before the Board, and the Court, is a matter of law where the facts are not in dispute. Secretary's Mot. at 3, *see also Sabonis, supra*. The Secretary's argument is persuasive.

Section 5103(a) of title 38 of the U.S. Code requires that, "[u]pon receipt of a complete or substantially complete application, the Secretary shall notify the claimant . . . of any information, and any medical or lay evidence, not previously provided to the Secretary that is necessary to substantiate

the claim" and "which portion of [the] information and evidence, if any, is to be provided by the claimant and which portion, if any, the Secretary . . . will attempt to obtain on behalf of the claimant." 38 U.S.C. § 5103(a) (2002); *see* 38 C.F.R. § 3.159(b) (2002).

In this case, the appellant triggered the Secretary's VCAA-expanded duties with the submission of his completed application for DIC. R. at 20-24. However, the Board erred by failing to adequately discuss the amended duty to notify. Specifically, the Board failed to discuss the requirement that VA must indicate which portion of any information or evidence necessary to substantiate the appellant's claim is to be provided by each party. The Board also failed to discuss whether any document in the record, including the RO decision and SOC, satisfied that requirement. R. at 2-3; *see Charles v. Principi*, 16 Vet.App. 370, 373-74 (2002); *cf. Quartuccio v. Principi*, 16 Vet.App. 183, 187 (2002). Nevertheless, the Board's error concerning notice must be considered nonprejudicial because the appellant's averment that he was the brother of the deceased veteran was uniquely within the appellant's knowledge, and under 38 U.S.C. § 101(14) the appellant is ineligible for DIC as a matter of law on the basis of a sibling relationship with the veteran. 38 U.S.C. § 7261(b)(2) (2002) (as amended by the Veterans Benefits Act of 2002, Pub. L. No. 107-330, § 401, 116 Stat. 2820, 2832). Where the facts averred by a claimant cannot conceivably result in any disposition of the appeal other than affirmance of the Board decision, the case should not be remanded for development that could not possibly change the outcome of the decision. The failure to carry out such required development under those circumstances is nonprejudicial error under section 7261(b)(2). *Id.* (in conducting review of BVA decision, the Court shall take due account of the rule of prejudicial error); *cf. Soyini v. Derwinski*, 1 Vet.App. 540, 546 (1991) (stating "strict adherence [to the law] does not dictate an unquestioning, blind adherence in the face of overwhelming evidence in support of the result in a particular case. Such adherence would result in this Court's unnecessarily imposing additional burdens on the BVA and [the Secretary] with no benefit flowing to the veteran").

### III. CONCLUSION

Upon consideration of the foregoing, the March 13, 2002, decision of the Board is AFFIRMED.