# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 03-2145

Susy Short Bear, Appellant,

v.

R. James Nicholson,
Secretary of Veterans Affairs, Appellee.

Before GREENE, *Chief Judge*, and KASOLD, and HAGEL, *Judges*.

**O R D E R**

Veteran Susy Short Bear appeals an October 21, 2003, decision of the Board of Veterans' Appeals (Board) that denied her entitlement to a clothing allowance under 38 U.S.C. § 1162 because that statute does not authorize an allowance for damaged undergarments, the only clothing Ms. Short Bear claims to be damaged. Although she filed her appeal pro se, Ms. Short Bear subsequently obtained counsel and revised the basis of her appeal to one based on a failure of the Secretary to provide adequate notice. Appellant's Brief (Br.) at 1; Appellant's Supplemental (Supp.) Br. at 2-3. More specifically, Ms. Short Bear asserts that the Secretary failed to ask her whether her outergarments were damaged in addition to her undergarments and that such failure was a section 38 U.S.C. § 5103(a) notice error that is naturally prejudicial. Appellant's Supp. Br. at 3-7. The Secretary argues, inter alia, that Ms. Short Bear had full knowledge of the requirement that outerwear had to be damaged to support a clothing allowance award, but that she consistently maintained only that her undergarments were damaged. Secretary's Supp. Br. at 2-6. For the reasons set forth below, the Board's decision will be affirmed.

A VA clothing allowance is authorized under section 1162 on two bases: (1) When "a prosthetic or orthopedic appliance [related to a service-connected disability] . . . tends to wear out or tear the clothing of the veteran" or (2) when the veteran uses "medication which (A) a physician has prescribed for a skin condition which is due to a service-connected disability, and (B) the Secretary determines causes irreparable damage to the veteran's outergarments." 38 U.S.C. § 1162. The form upon which an application for a clothing allowance may be made, VA Form 21-8678, provides information identifying these two bases for an award. *See* Record (R.) at 264. The form also requires that the claimant certify with her signature that she is entitled to receive the clothing allowance because she is either using a prosthetic or orthopedic appliance that damages clothing or using a medication that irreparably damages her "outer clothing." *Id*. Instructions at the bottom of the form reiterate that a veteran is entitled to a clothing allowance when the use of a prosthetic or orthopedic appliance tends to wear out or tear clothing, or the use of medication irreparably damages the veteran's "outer garments." *Id*. In a potentially confusing section of the instructions, however, the claimant is informed that the medications covered are those that damage the "veteran's clothing."

*Id*. With her application, Ms. Short Bear noted that her service-connected condition required the use of a prescribed medical cream that stained her "underwear"; there was no indication that any other clothing was damaged by the use of the medication. *See* R. at 264-65.

In a decision denying her claim, a VA regional office (RO) advised Ms. Short Bear of the two bases for awarding a clothing allowance and notified her that she was "not eligible for the payment of the annual clothing allowance." R. at 268-69. Ms. Short Bear disagreed with that decision and asked for reconsideration. R. at 271. In the Statement of the Case (SOC), Ms. Short Bear was advised that her claim was denied because "[t]here is no provision in the law to pay for . . . damage to under-garments." Supp. R. at 4. She appealed to the Board and argued that she had to "buy new underw[ear] every week." R. at 291-92. While the matter was on appeal to the Board, Ms. Short Bear's representative argued that "[i]n actuality any piece of clothing is an outergarment." R. at 331.

On appeal, Ms. Short Bear asserts that the Secretary erred by failing to comply with the notice provisions required by the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096, 2096-97 (codified at 38 U.S.C. §§ 5103-5103A). Appellant's Supp. Br. at 4-5. The Board acknowledges in its decision that the record on appeal does not reflect notice to the appellant of the provisions of the VCAA in connection with her claim for clothing allowance. R. at 3. Error alone, however, is insufficient to successfully sustain an appeal; the error must also be prejudicial. *See Mayfield v. Nicholson*, 19 Vet.App. 103, 119 (2005); *see also* 38 U.S.C. § 5103(a); *Conway v. Principi*, 353 F.3d 1369, 1375 (Fed. Cir. 2004) (concluding that the Court must "'take due account of the rule of prejudicial error'"); *Parker v. Brown*, 9 Vet.App. 476, 481 (1996) (finding that technical error in the absence of prejudice to be harmless); *Yabut v. Brown*, 6 Vet.App. 79, 85 (1993) (finding alleged error not harmless "where appellant has presented a plausible argument that he had been prejudiced"). For the reasons stated below, we conclude that the error in this matter is not prejudicial.

The Secretary is required to inform the claimant of the information and evidence not of record (1) that is necessary to substantiate the claim, (2) that the Secretary will seek to obtain, if any, and (3) that the claimant is expected to provide, if any. *See* 38 U.S.C. § 5103(a); *Mayfield*, 19 Vet.App. at 109-10 (citing *Quartuccio v. Principi*, 16 Vet.App. 183, 187 (2002)); 38 C.F.R. § 3.159(b). The Secretary is also required to "request that the claimant provide any evidence in the claimant's possession that pertains to the claim." *Mayfield*, 19 Vet.App. at 110 (quoting 38 C.F.R. § 3.159(b)(1) (2002)); *see also Pelegrini v. Principi*, 18 Vet.App. 112, 121 (2004). The notice required under 38 U.S.C. § 5103(a) and 38 C.F.R. § 3.159(b) must be provided upon receipt of a complete or substantially complete application for benefits and prior to an initial unfavorable decision on a claim by an agency of original jurisdiction so that the claimant has a "meaningful opportunity to participate effectively in the processing of his or her claim." *Mayfield*, 19 Vet.App. at 120-21. The Secretary's failure to tell the appellant what evidence is necessary to substantiate the claim is presumptively prejudicial. *See id*. at 122. Any other statutory or regulatory notice error, including an error in the timing of notice, is not remandable error unless the appellant "identif[ies] with considerable specificity, how the notice was defective and what evidence the appellant would have provided or requested the Secretary to obtain . . . had the Secretary fulfilled his notice

obligations; further, an appellant must also assert, again with considerable specificity, how the lack of that notice and evidence affected the essential fairness of the adjudication." *Id*. at 121.

On appeal, Ms. Short Bear argues through counsel that the fact that she was not provided VCAA-compliant notice prejudiced her and that she might be able to demonstrate that her medication had irreparably damaged her outer clothing. The Secretary argues that Ms. Short Bear had actual knowledge of the requirement that only damage to outergarments could substantiate her claim for a clothing allowance, and that she only claimed that her underwear was damaged because that is all that was damaged. Secretary's Supp. Br. at 4-5. The Secretary further argues that Ms. Short Bear's claim was denied because the only clothing reportedly damaged by her use of medication was her underwear, for which the law does not authorize a clothing allowance. *See* 38 U.S.C. § 1162.

The record establishes that Ms. Short Bear's claim was denied because she claimed her underwear, not her outerwear, was damaged by her medication. R. at 268 (RO decision); Supp. R. at 4 (SOC); R. at 2-4 (Board decision). There also is no dispute on appeal that "underwear" is not the type of clothing for which a clothing allowance is permitted, when the damage is due to the use of medication. *See also* 38 U.S.C. § 1162; 135 CONG. REC. H9095, H9111 (daily ed. Nov. 20, 1989) (statement of Rep. Montgomery) ("The term 'outergarments' is intended to exclude cases in which damage is done only to underwear"). First, with regard to the notice that "outerwear" or "outergarments" were the only types of clothing that would support a clothing allowance when the damage was due to use of medication, this information was provided on the claim form (*see* R. at 264) and in the RO decision (*see* R. at 268-69). Moreover, to the extent there may have been any misunderstanding generated by the information provided on the claim form or in the RO decision, the SOC clearly states that the law did not permit payment for damage to "under-garments." *See* Supp. R. at 1-4 (indicating the basis of the denial of the claim and the pertinent regulations). Ms. Short Bear subsequently was advised that she could present evidence on appeal to the Board. *See* R. at 429-30 (certification of appeal to the Board noting appellant's ability to submit new evidence)); *see also Hodge v. West*, 155 F.3d 1356, 1362 (Fed. Cir. 1998) (noting the "historically non-adversarial system of awarding benefits to veterans"); *Thurber v. Brown*, 5 Vet.App. 119, 124 (1993) ("VA's nonadversarial claims system is predicated upon a structure which provides for notice and an opportunity to be heard at virtually every step in the process."); 38 C.F.R. §§ 19.37, 20.1304.

Thus, Ms. Short Bear had notice that damage to her outerwear was required to substantiate her claim prior to Board adjudication. Moreover, after being advised that the law did not permit a clothing allowance for undergarments and that she could present evidence of damage to her outer clothing on appeal to the Board, Ms. Short Bear chose not to assert at the Board that she had any other clothing that was damaged, but chose instead to argue that her underwear was actually outerwear (an argument not now before the Court), evidencing actual knowledge that only outerwear could support a clothing allowance. Thus, to the extent that any notice in this case may have been inadequate with regard to timing, Ms. Short Bear's actual knowledge of what was needed to substantiate her claim prior to adjudication by the Board provided a meaningful opportunity to participate in the adjudication process. *See Mayfield*, 19 Vet.App. at 121; *see also Velez v. West*, 11 Vet.App. 148, 157 (1998) (holding that actual knowledge by the veteran cures defect in notice).

A benefit for damage to underwear is not permitted by law. *See* 38 U.S.C. § 1162; 135 CONG. REC. S16443, S16465 (daily ed. Nov. 20, 1989). Therefore, because Ms. Short Bear had actual knowledge of what was required to receive a clothing allowance and because she was not legally entitled to a clothing allowance based on the facts as averred by her, any notice error is nonprejudicial. *See Mayfield*, 19 Vet.App. at 121 (lack of prejudice may be established by demonstrating that a benefit could not possibly have been awarded as a matter of law); *see also Valiao v. Principi*, 17 Vet.App. 229, 232 (2003) (stating that failure to comply with section 5103(a) constitutes nonprejudical error where the undisputed facts averred by the claimant are uniquely within the knowledge of the claimant and, under the law, those facts cannot conceivably result in any disposition of the appeal other than affirmance of the Board decision making remand for further development futile).

Upon consideration of the foregoing, it is

ORDERED that the decision of the Board is AFFIRMED.

DATED:        August 31, 2005                          PER CURIAM.

HAGEL, *Judge*, concurring:  The majority provides two alternative bases for why any duty-to-notify error did not prejudice Ms. Short Bear:  First, because she possessed actual knowledge that only damage to outergarments could support a clothing-allowance award in her case, and, second, because, as a matter of law, she could not have prevailed on her claim.  Although I concur in the result because I agree with the first basis offered by the majority for finding a lack of prejudice, I write separately to express my disagreement with the alternative basis offered. Specifically, it is my belief that the Court's holding in *Valiao v. Principi*, 17 Vet.App. 229, 232 (2003), should be limited to its facts and is not for application in a case such as Ms. Short Bear's. In *Valiao*, the appellant, the brother of a deceased veteran, sought entitlement to dependency and indemnity compensation (DIC). *See id*. at 230. Citing 38 U.S.C. § 101(14), the Court declared him "ineligible for DIC as a matter of law on the basis of a sibling relationship with the veteran." *Id.* at 232. As a consequence, the Court went on to conclude that any failure on the part of VA to comply with its obligations under the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096, was nonprejudicial. *Id.* Unlike in *Valiao*, there was no immutable fact that disqualified Ms. Short Bear from entitlement to a clothing allowance. In other words, unlike Mr. Valiao, Ms. Short Bear was not precluded by law from an award of a clothing allowance irrespective of her allegations – if she was able to prove damage to her outergarments as a result of "medication which a physician has prescribed for a skin condition which is due to a service-connected disability," she would have been entitled to a clothing-allowance award. 38 U.S.C. § 1162. Because if provided proper notice she could have presented evidence, if such evidence existed, that would have supported an award, I would not apply *Valiao* in a case such as this one.