ORDER
PER CURIAM:
Veteran Susy Short Bear appeals an October 21, 2003, decision of the Board of Veterans’ Appeals (Board) that denied her entitlement to a clothing allowance under 38 U.S.C. § 1162 because that statute does not authorize an allowance for damaged undergarments, the only clothing Ms. Short Bear claims to be damaged. Although she filed her appeal pro se, Ms. Short Bear subsequently obtained counsel and revised the basis of her appeal to one based on a failure of the Secretary to provide adequate notice. Appellant’s Brief (Br.) at 1; Appellant’s Supplemental (Supp.) Br. at 2-3. More specifically, Ms. Short Bear asserts that the Secretary failed to ask her whether her outergar-ments were damaged in addition to her undergarments and that such failure was a section 38 U.S.C. § 5103(a) notice error that is naturally prejudicial. Appellant’s Supp. Br. at 3-7. The Secretary argues, inter alia, that Ms. Short Bear had full knowledge of the requirement that outerwear had to be damaged to support a clothing allowance award, but that she consistently maintained only that her undergarments were damaged. Secretary’s Supp. Br. at 2-6. For the reasons set forth below, the Board’s decision will be affirmed.
A VA clothing allowance is authorized under section 1162 on two bases: (1) When “a prosthetic or orthopedic appliance [related to a service-connected disability] ... tends to wear out or tear the clothing of the veteran” or (2) when the veteran uses “medication which (A) a physician has prescribed for a skin condition which is due to a service-connected disability, and (B) the Secretary determines causes irreparable damage to the veteran’s outergarments.” 38 U.S.C. § 1162. The form upon which an application for a clothing allowance may be made, VA Form 21-8678, provides information identifying these two bases for an award. See Record (R.) at 264. The form also requires that the claimant certify with her signature that she is entitled to receive the clothing allowance because she is either using a prosthetic or orthopedic appliance that damages clothing or using a medication that irreparably damages her “outer clothing.” Id. Instructions at the bottom of the form reiterate that a veteran is entitled to a clothing allowance when the use of a prosthetic or orthopedic appliance tends to wear out or tear clothing, or the use of medication irreparably damages the veteran’s “outer garments.” Id. In a potentially confusing section of the instructions, however, the claimant is informed that the medications covered are those that damage the “veteran’s clothing.” Id. With her application, Ms. Short Bear noted that her service-connected condition required the use of a prescribed medical cream that stained her “underwear”; there was no indication that any other clothing was damaged by the use of the medication. See R. at 264-65.
In a decision denying her claim, a VA regional office (RO) advised Ms. Short Bear of the two bases for awarding a clothing allowance and notified her that she was “not eligible for the payment of the annual clothing allowance.” R. at 268-69. Ms. Short Bear disagreed with that decision and asked for reconsideration. R. at 271. In the Statement of the Case (SOC), Ms. Short Bear was advised that *343 her claim was denied because “[tjhere is no provision in the law to pay for ... damage to under-garments.” Supp. R. at 4. She appealed to the Board and argued that she had to “buy new underw[ear] every week.” R. at 291-92. While the matter was on appeal to the Board, Ms. Short Bear’s representative argued that “[i]n actuality any piece of clothing is an outergarment.” R. at 331.
On appeal, Ms. Short Bear asserts that the Secretary erred by failing to comply with the notice provisions required by the Veterans Claims Assistance Act of 2000 (VCAA), Pub.L. No. 106-475, 114 Stat.2096, 2096-97 (codified at 38 U.S.C. §§ 5103-5103A). Appellant’s Supp. Br. at 4-5. The Board acknowledges in its decision that the record on appeal does not reflect notice to the appellant of the provisions of the VCAA in connection with her claim for clothing allowance. R. at 3. Error alone, however, is insufficient to successfully sustain an appeal; the error must also be prejudicial. See Mayfield v. Nicholson, 19 Vet.App. 103, 119 (2005); see also 38 U.S.C. § 5103(a); Conway v. Principi, 353 F.3d 1369, 1375 (Fed.Cir.2004) (concluding that the Court must “ ‘take due account of the rule of prejudicial error’ ”); Parker v. Brown, 9 Vet.App. 476, 481 (1996) (finding that technical error in the absence of prejudice to be harmless); Yabut v. Brown, 6 Vet.App. 79, 85 (1993) (finding alleged error not harmless “where appellant has presented a plausible argument that he had been prejudiced”). For the reasons stated below, we conclude that the error in this matter is not prejudicial.
The Secretary is required to inform the claimant of the information and evidence not of record (1) that is necessary to substantiate the claim, (2) that the Secretary will seek to obtain, if any, and (3) that the claimant is expected to provide, if any. See 38 U.S.C. § 5103(a); Mayfield, 19 Vet.App. at 109-10 (citing Quartuccio v. Principi, 16 Vet.App. 183, 187 (2002)); 38 C.F.R. § 3.159(b). The Secretary is also required to “request that the claimant provide any evidence in the claimant’s possession that pertains to the claim.” Mayfield, 19 Vet.App. at 110 (quoting 38 C.F.R. § 3.159(b)(1) (2002)); see also Pelegrini v. Principi, 18 Vet.App. 112, 121 (2004). The notice required under 38 U.S.C. § 5103(a) and 38 C.F.R. § 3.159(b) must be provided upon receipt of a complete or substantially complete application for benefits and prior to an initial unfavorable decision on a claim by an agency of original jurisdiction so that the claimant has a “meaningful opportunity to participate effectively in the processing of his or her claim.” Mayfield, 19 Vet.App. at 120-21. The Secretary’s failure to tell the appellant what evidence is necessary to substantiate the claim is presumptively prejudicial. See id. at 122. Any other statutory or regulatory notice error, including an error in the timing of notice, is not remandable error unless the appellant “identifies] with considerable specificity, how the notice was defective and what evidence the appellant would have provided or requested the Secretary to obtain ... had the Secretary fulfilled his notice obligations; further, an appellant must also assert, again with considerable specificity, how the lack of that notice and evidence affected the essential fairness of the adjudication.” Id. at 121.
On appeal, Ms. Short Bear argues through counsel that the fact that she was not provided VCAA-compliant notice prejudiced her and that she might be able to demonstrate that her medication had irreparably damaged her outer clothing. The Secretary argues that Ms. Short Bear had actual knowledge of the requirement that only damage to outergarments could substantiate her claim for a clothing allowance, and that she only claimed that her *344 underwear was damaged because that is all that was damaged. Secretary’s Supp. Br. at 4-5. The Secretary further argues that Ms. Short Bear’s claim was denied because the only clothing reportedly damaged by her use of medication was her underwear, for which the law does not authorize a clothing allowance. See 38 U.S.C. § 1162.
The record establishes that Ms. Short Bear’s claim was denied because she claimed her underwear, not her outerwear, was damaged by her medication. R. at 268 (RO decision); Supp. R. at 4(SOC); R. at 2-4 (Board decision). There also is no dispute on appeal that “underwear” is not the type of clothing for which a clothing allowance is permitted, when the damage is due to the use of medication. See also 38 U.S.C. § 1162; 135 Cong. Rec. H9095, H9111 (daily ed. Nov. 20, 1989) (statement of Rep. Montgomery) (“The term ‘outergarments’ is intended to exclude cases in which damage is done only to underwear”). .First, with regard to the notice that “outerwear” or “outergar-ments” were the only types of clothing that would support a clothing allowance when the damage was due to use of medication, this information was provided on the claim form (see R. at 264) and in the RO decision (see R. at 268-69). Moreover, to the extent there may have been any misunderstanding generated by the information provided on the claim form or in the RO decision, the SOC clearly states that the law did not permit payment for damage to “under-garments.” See Supp. R. at L-4 (indicating the basis of the denial of the claim and the pertinent regulations). Ms. Short Bear subsequently was advised that she could present evidence on appeal to the Board. See R. at 429-30 (certification of appeal to the Board noting appellant’s ability to submit new evidence); see also Hodge v. West, 155 F.3d 1356, 1362 (Fed.Cir.1998) (noting the “historically non-adversarial system of awarding benefits to veterans”); Thurber v. Brown, 5 Vet.App. 119, 124 (1993) (“VA’s nonadver-sarial claims system is predicated upon a structure which provides for notice and an opportunity to be heard at virtually every step in the process.”); 38 C.F.R. §§ 19.37, 20.1304.
Thus, Ms. Short Bear had notice that damage to her outerwear was required to substantiate her claim prior to Board adjudication. Moreover, after being advised that the law did not permit a' clothing allowance for undergarments and that she could present evidence of damage to her outer clothing on appeal to the Board, Ms. Short Bear chose not to assert at the Board that she had any other clothing that was damaged, but chose instead to argue that her underwear was actually outerwear (an argument not now before the Court), evidencing actual knowledge that only outerwear could support a clothing allowance. Thus, to the extent that any notice in this case may have been inadequate with regard to timing, Ms. Short Bear’s actual knowledge of what was needed to substantiate her claim prior to adjudication by the Board provided a meaningful opportunity to participate in the adjudication process. See Mayfield, 19 Vet.App. at 121; see also Velez v. West, 11 Vet.App. 148, 157 (1998) (holding that actual knowledge by the veteran cures defect in notice). A benefit for damage to underwear is not permitted by law. See 38 U.S.C. § 1162; 135 Cong. Rec. S16443, S16465 (daily ed. Nov. 20, 1989). Therefore, because Ms. Short Bear had actual knowledge of what was required to receive a clothing allowance and because she was not legally entitled to a clothing allowance based on the facts as averred by her, any notice error is nonprejudieial. See Mayfield, 19 Vet.App. at 121 (lack of prejudice may be established by demonstrating that a benefit could not possibly *345 have been awarded as a matter of law); see also Valiao v. Principi, 17 Vet.App. 229, 232 (2003) (stating that failure to comply with section 5103(a) constitutes non-prejudical error where the undisputed facts averred by the claimant are uniquely within the knowledge of the claimant and, under the law, those facts cannot conceivably result in any disposition of the appeal other than affirmance of the Board decision making remand for further development futile).
Upon consideration of the foregoing, it is
ORDERED that the decision of the Board is AFFIRMED.