HAGEL, Judge,
concurring:
The majority provides two alternative bases for why any duty-to-notify error did not prejudice Ms. Short Bear: First, because she possessed actual knowledge that only damage to outergarments could support a clothing-allowance award in her case, and, second, because, as a matter of law, she could not have prevailed on her claim. Although I concur in the result because I agree with the first basis offered by the majority for finding a lack of prejudice, I write separately to express my disagreement with the alternative basis offered. Specifically, it is my belief that the Court’s holding in Valiao v. Principi, 17 Vet.App. 229, 232 (2003), should be limited to its facts and is not for application in a case such as Ms. Short Bear’s. In Valiao, the appellant, the brother of a deceased veteran, sought entitlement to dependency and indemnity compensation (DIC). See id. at 230. Citing 38 U.S.C. § 101(14), the Court declared him “ineligible for DIC as a matter of law on the basis of a sibling relationship with the veteran.” Id. at 232. As a consequence, the Court went on to conclude that any failure on the part of VA to comply with its obligations under the Veterans Claims Assistance Act of 2000, Pub.L. No. 106-475, 114 Stat.2096, was nonprejudicial. Id. Unlike in Valiao, there was no immutable fact that disqualified Ms. Short Bear from entitlement to a clothing allowance. In other words, unlike Mr. Valiao, Ms. Short Bear was not precluded by law from an award of a clothing allowance irrespective of her allegations— if she was able to prove damage to her outergarments as a result of “medication which a physician has prescribed for a skin condition which is due to a service-connected disability,” she would have been entitled to a clothing-allowance award. 38 U.S.C. § 1162. Because if provided proper notice she could have presented evidence, if such evidence existed, that would have supported an award, I would not apply Valiao in a case such as this one.