# United States Court of Appeals
# for the Federal Circuit

---

**EVELYN H. HAYNES,**

*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF
VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2015-7014

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 13-3031, Judge William A. Moorman.

---

Decided: April 29, 2015

---

EVELYN H. HAYNES, Richmond, VA, pro se.

KRISTIN MCGRORY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER; DAVID J. BARRANS, CHRISTINA LYNN GREGG, Office of the General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before NEWMAN, O'MALLEY, and WALLACH, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

Evelyn H. Haynes appeals from the decision of the United States Court of Appeals for Veterans Claims (the "Veterans Court") affirming the Board of Veterans' Appeals (the "Board") denial of Ms. Haynes' request to reopen her claim for Dependency and Indemnity Compensation ("DIC") on the basis of new and material evidence, pursuant to 38 U.S.C. §5108 (2012) and 38 C.F.R. §3.156(a) (2012). *Haynes v. McDonald*, No. 13-3031, 2010 WL 10873668 (Vet. App. Oct. 14, 2014).

## DISCUSSION

Ms. Haynes and Donald S. Haynes were divorced in May 1995. Mr. Haynes died in August 2000. Following Mr. Haynes death, Ms. Haynes submitted an application for DIC benefits pursuant to 38 U.S.C. §1310. Section 1310 provides for DIC benefits to a "surviving spouse." A "surviving spouse" is defined in Title 38 as

> a person of the opposite sex who was the spouse of a veteran at the time of the veteran's death, and who lived with the veteran continuously from the date of marriage to the date of the veteran's death (except where there was a separation which was due to the misconduct of, or procured by, the veteran without the fault of the spouse) and who has not remarried or (in cases not involving remarriage) has not since the death of the veteran, and after September 19, 1962, lived with another person and held himself or herself out openly to the public to be the spouse of such other person.

38 U.S.C. §101(3). Because Ms. Haynes was not married to Mr. Haynes at the time of his death, the VA Regional Office denied Ms. Haynes' DIC claim for failing to meet the definition of "surviving spouse" as required by statute.

Ms. Haynes later submitted a request to the Regional Office to reopen her claim on the presentation of new documentation showing a decision by the Army Board of Correction of Military Records ("ABCMR") to award Ms. Haynes an annuity as a "former spouse" under the Uniformed Services Former Spouse Protection Act ("USFSPA"). Annuities under the USFSPA are governed by Title 10 of the United States Code, and the definition of a "former spouse" thereunder, at 10 U.S.C. §1447(10), is different from the definition of a "surviving spouse" under Title 38. Further, the USFSPA permits former spouses to receive annuities even if they were divorced from the veteran at the time of the veteran's death. *See* 10 U.S.C. §§1448(b), 1450.

The Regional Office denied Ms. Haynes' request to re-open her DIC claim, and Ms. Haynes appealed to the Board of Veterans' Appeals. The Board denied Ms. Haynes' request. The Board observed Ms. Haynes' acknowledgement that she was divorced from Mr. Haynes at the time of his death. With respect to the ABCMR's decision to grant Ms. Haynes an annuity as a "former spouse," the Board determined that "[r]ecognition as a 'former spouse' does not relate to an unestablished fact necessary to substantiate the claim, namely, that the Appellant was married to the Veteran at the time of the Veteran's death."

The Regional Office acknowledged Ms. Haynes' argument that because the basis for her divorce from Mr. Haynes was his physical abuse,[1] she should not be required to demonstrate marriage at the time of Mr. Haynes' death in order to receive DIC benefits. Ms. Haynes states that her claim to DIC benefits is not

---

[1] The record documents instances of abuse, arrests, restraining orders, and the like. Abuse is not disputed.

based on her status as a surviving spouse, but "on the alternative theory of entitlement under 38 C.F.R. §3.50(b)(1) exception for abused spouses." *Haynes*, 2010 WL 10873668, at *3. Section 3.50(b)(1) provides that a "surviving spouse":

> means a person of the opposite sex whose marriage to the veteran meets the requirements of §3.1(j) and who was the spouse of the veteran at the time of the veteran's death and:

> (1) Who lived with the veteran continuously from the date of marriage to the date of the veteran's death except where there was a separation which was due to the misconduct of, or procured by, the veteran without the fault of the spouse . . . .

The Veterans Court explained that although Mr. Haynes' abusive actions were documented, §3.50(b)(1) requires validly married spouses at the time of the veteran's death. *Haynes*, 2010 WL 10873668, at *2, *4. The Veterans Court held that the statute provides no exception to this requirement. *Id.* at *3.

We discern no error in the Veterans Court's interpretation of §3.50(b)(1) as providing no exception to the requirement that the surviving spouse and veteran be married at the time of the veteran's death. Section 3.50(b) defines the "surviving spouse" as someone "who was the spouse of the veteran at the time of the veteran's death," tracking the statute. No exception to this clear statutory mandate and regulation is indicated.

The Veterans Court correctly construed the law and regulations governing Ms. Haynes' request for DIC. The decision is affirmed.

### AFFIRMED

No costs.