NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WESLEY DANA PLANTE,**

*Claimant-Appellant*

v.

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2016-2596

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-1940, Judge Margaret C. Bartley.

---

Decided: December 15, 2016

---

WESLEY DANA PLANTE, East Providence, RI, pro se.

DAVID MICHAEL KERR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., SCOTT D. AUSTIN; CHRISTINA LYNN GREGG, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

----

Before NEWMAN, MAYER, and LOURIE, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

Appellant Wesley D. Plante seeks review of the decision of the Court of Appeals for Veterans Claims (CAVC), denying his request for death pension, dependency and indemnity compensation (DIC), and/or other accrued benefits.[1] We affirm the court's decision.

Appellant is the grandson of Sarah Mae Plante ("Mrs. Plante"), who is the mother of the deceased Veteran, Dana G. Plante. Appellant is the nephew of the Veteran. The Veteran entered active duty with the United States Army in 1959, and died in 1959 during service. Mrs. Plante was granted dependency and indemnity compensation. The Appellant states that he has supported his grandmother since 1977 and was her caregiver until her death in 2010. He also states that he is disabled, he is (or was) a ward of the State of Rhode Island, and that he qualifies under state law as Mrs. Plante's stepson.

The Board of Veterans Appeals held that "[t]he appellant is the Veteran's nephew and, thus, is not the surviving spouse of the Veteran nor a dependent parent or child, as defined for VA purposes." BVA Op. 2. The Board stated that "[e]ven if the Board were to accept the appellant's argument that he should be considered the stepson of the Veteran's mother (which it does not), he would still not be considered the dependent parent, child, or spouse of the Veteran for purposes of survivor benefits." BVA Op. 4. The CAVC affirmed. The court also held that the Appellant's application for certain benefits to which he may have been entitled, such as final illness and funeral

----

[1]    *Wesley Dana Plante v Robert A. McDonald*, No. 15-1940 (Vet. App. June 21, 2016).

expenses for Mrs. Plante, was untimely because this claim was filed in 2013, not within the statutory period of one year of Mrs. Plante's death in 2010.

## DISCUSSION

The government argues first that the Federal Circuit lacks jurisdiction of this appeal because "whether an individual 'is the dependent of a veteran is a question of fact . . . . and does not involve the validity or interpretation of a statute or regulation.'" Gov't Br. 5. However, no facts are in dispute as to the Appellant's relationship to the Veteran (his uncle) or to the Veteran's mother (his grandmother). Whether a person is a dependent as defined by statute is a question of law or interpretation of law, and is properly before us.

It is not disputed that Wesley Plante is not a "surviving spouse, child, or parent" of a deceased veteran, 38 U.S.C. § 101(14). Wesley Plante argues that he should receive the dependency benefits that had been paid to Mrs. Plante because he financially supported her from 1977 to her death in 2010, because she designated him as "replacement" for her benefits, and because he is her stepson under state law.

### DIC and Death Pension

By statute, dependency and indemnity compensation is payable to the "veteran's surviving spouse, children, and parents." 38 U.S.C. § 1310; *see also* 38 U.S.C. § 101(14). Also by statute, a death pension is payable to the surviving spouse and children of a deceased veteran. 38 U.S.C. §§ 1541(a), 1542. "Surviving spouse," "child," and "parent" are defined by 38 U.S.C. §§ 101, 102, and 103. Wesley Plante does not meet these statutory definitions, even were he deemed to be a stepson of the Veteran's mother. On careful review of the statutory framework, we discern no basis for an interpretation that would provide such payments to the Appellant. The statutes and regu-

lations are unambiguous that DIC and death pensions are limited to the explicitly defined classes. *See Valiao v. Principi*, 17 Vet. App. 229, 231 (2003) (denying DIC benefits to veteran's sibling). "No exception to this clear statutory mandate and regulation is indicated." *Haynes v. McDonald*, 785 F.3d 614, 616 (Fed. Cir. 2015), cert. denied, 136 S. Ct. 156, 193 (2015). Such a plan would require legislative action; it is not available as a statutory interpretation.

### *Accrued Benefits*

By statute, accrued benefits may be paid to a veteran's spouse, children or dependent parents, but may also be paid "as may be necessary to reimburse the person who bore the expense of last sickness and burial," of the Veteran or a Veteran's beneficiary. 38 U.S.C. § 5121(a). The Board did not consider Wesley Plante's application as including this class of benefits, and the CAVC determined that this was Board error. However, the CAVC held that the error did not change the result because Wesley Plante's application was filed too late. 38 U.S.C. § 5121(c) requires submission of an application for accrued benefits "within one year after the date of death." Wesley Plante's application was filed in 2013. The CAVC held that this application was untimely, insofar as it could be deemed to encompass these expenses.

Wesley Plante argues that the Board's error was not harmless. However, he presents no argument for possible equitable tolling, and we perceive none. The CAVC applied the correct law, in holding the claim to be time-barred.

On review of the issues and arguments, the decision of the Court of Appeals for Veterans Claims is

### AFFIRMED.

No costs.