NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VICTORIA C. MARTIN,**
*Claimant-Appellant*

v.

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-1786

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-2375, Judge Amanda L. Meredith.

---

Decided:  March 5, 2021

---

KATHERINE A. HELM, Dechert LLP, New York, NY, for claimant-appellant.  Also represented by JUDAH BELLIN, DANIEL ROBERTS, Philadelphia, PA.

JOSHUA E. KURLAND, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, MATTHEW JUDE CARHART, MARTIN F. HOCKEY, JR.; Y. KEN LEE, BRYAN

THOMPSON, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before TARANTO, BRYSON, and CHEN, *Circuit Judges.*

CHEN, *Circuit Judge.*

Victoria C. Martin appeals from a decision of the Court of Appeals for Veterans Claims (Veterans Court) denying her claim to status as a surviving spouse under 38 U.S.C. § 101(3) to Robert Martin, Sr., a deceased veteran. While Ms. Martin does not dispute that she was divorced from Mr. Martin at the time of his death, she argues that, because her divorce was precipitated by physical abuse at the hands of Mr. Martin, she is exempt from the statute's requirement that the surviving spouse be married to the veteran at the time of his death to obtain benefits. *See* 38 U.S.C. § 101(3); 38 C.F.R. § 3.50(b)(1).

We have twice confronted and declined to adopt the position Ms. Martin advocates here. *See Haynes v. McDonald*, 785 F.3d 614 (Fed. Cir. 2015); *Brown v. Wilkie*, 814 F. App'x 565 (Fed. Cir. 2020). In *Haynes*, we "discern[ed] no error in the Veterans Court's interpretation of § 3.50(b)(1) as providing no exception to the requirement that the surviving spouse and veteran be married at the time of the veteran's death," 785 F.3d at 616, despite Ms. Haynes's argument that the basis for her divorce from Mr. Haynes was his physical abuse, *id.* at 615. We reached the same conclusion recently in *Brown*, where we reaffirmed that "[m]arriage at the time of death is a necessary predicate for a spousal death benefit claim, regardless of the reason for the divorce." 814 F. App'x at 567.

Ms. Martin argues that *Haynes* does not control her appeal because that decision addressed only the VA's regulation, § 3.50(b)(1), and not whether the statute itself, § 101(3), forecloses a domestic abuse exception to the contemporaneous-marriage requirement. But *Haynes* cites

directly to the statutory text of § 101(3), 785 F.3d at 615, and holds that "[n]o exception to this *clear statutory mandate* and regulation is indicated," *id.* at 616 (emphasis added). And, as we later recognized in *Brown*, our decision in *Haynes* was reached "based on our interpretation of § 101(3) and its implementing regulations." 814 F. App'x at 567; *see also Haynes*, 785 F.3d at 616 (observing that the definition of "surviving spouse" in § 3.50(b)(1) "track[s] the statute"). We therefore see no reason to distinguish *Haynes*, which simply followed the "clear statutory mandate" that a "surviving spouse" is a person "who was the spouse of a veteran at the time of the veteran's death." § 101(3).

Given the clear language of the statute and our binding precedent, we decline to disturb the Veterans Court's decision to deny Ms. Martin surviving-spouse status under 38 U.S.C. § 101(3). We have considered Ms. Martin's remaining arguments and are unpersuaded; we accordingly affirm.

## AFFIRMED

### COSTS

No costs.