NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PAMELA J. RACKLEY,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-1705

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-5006, Judge William S. Greenberg.

---

Decided: July 16, 2021

---

PAMELA J. RACKLEY, McMinnville, TN, pro se.

ALBERT S. IAROSSI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, MARTIN F. HOCKEY, JR.; BRIAN D. GRIFFIN, BRYAN THOMPSON, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

―――――――――――――

Before NEWMAN, REYNA, and HUGHES, *Circuit Judges*.

PER CURIAM.

This appeal involves a claim for veterans benefits. Appellant Pamela J. Rackley appeals the decision of the United States Court of Appeals for Veterans Claims affirming the Board of Veterans' Appeals denial of her claim for surviving spouse benefits based on the death of her former husband, Terry Miller. We lack jurisdiction to hear this appeal and therefore we dismiss.

I

Mr. Miller served on active duty in the United States Army. His final period of active service was from December 1977 to March 1979. Ms. Rackley and Mr. Miller were married in November 1977, and they had a child in September 1978. Ms. Rackley and Mr. Miller divorced in July 1981. Mr. Miller died on June 3, 2000. In March 2017, Ms. Rackley submitted a claim for entitlement to VA benefits based on Mr. Miller's death. After the VA Regional Office denied her claim, she appealed to the Board, which denied her claim in April 2019. Ms. Rackley appealed to the Veterans Court, which issued its decision affirming the Board's denial in November 2020. *Rackley v. Wilkie*, No. 19-5006, 2020 WL 6877162 (Vet. App. Nov. 24, 2020). This appeal followed.

II

The scope of this court's jurisdiction to review decisions by the Veterans Court is narrow. We may review decisions by the Veterans Court "on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter)" that the Veterans Court relied on in making its decision. 38 U.S.C. § 7292(a). But we lack jurisdiction to review "a challenge to a factual determination" or the application of law to fact unless the

appeal presents a constitutional issue. 38 U.S.C. § 7292(d)(2); *see also Cook v. Principi*, 353 F.3d 937, 939 (Fed. Cir. 2003).

## A

Ms. Rackley states in her informal opening brief and reply brief that her appeal challenges the Veterans Court's interpretation of a statute, regulation, or constitutional provision. Appellant's Br. 1–2. However, the Veterans Court's decision does not consider the validity of or elaborate on the meaning of any such provision. At most, the Veterans Court applied existing law to the facts of Ms. Rackley's case.

A veteran's surviving spouse may be eligible for death benefits. 38 U.S.C. §§ 1310, 1541(a). The term "surviving spouse" is defined by 38 U.S.C. § 101(3):

> a person . . . who was the spouse of a veteran at the time of the veteran's death, and who lived with the veteran continuously from the date of marriage to the date of the veteran's death (except where there was a separation which was due to the misconduct of, or procured by, the veteran without the fault of the spouse) and who has not remarried or (in cases not involving remarriage) has not since the death of the veteran, and after September 19, 1962, lived with another person and held himself or herself out openly to the public to be the spouse of such other person.

Ms. Rackley argues in her informal briefs that the Veterans Court erred by failing to consider three facts: (1) that her separation from Mr. Miller was due to his misconduct, and no fault of her own; (2) that Ms. Rackley and Mr. Miller had a child while they were married; and (3) that Mr. Miller did not satisfy his financial obligations to his child while he was alive. Appellant's Br. 1–2, 8–9;

Appellant's Reply Br. 1–4. For the purposes of this appeal, we assume these factual assertions to be true.

As to the first, this court has already considered and rejected the argument that the spousal abuse exception to the continuous cohabitation requirement of 38 U.S.C. § 101(3) also creates an exception to the requirement that a surviving spouse be "the spouse of a veteran at the time of the veteran's death." *Haynes v. McDonald*, 785 F.3d 614, 615–16 (Fed. Cir. 2015) (analyzing analogous regulation). In *Haynes*, we made clear that the spousal abuse exception pertains only to spouses who have separated, but not divorced. *Id.* As such, the Veterans Court applied our holding in *Haynes* to the facts of Ms. Rackley's appeal.

As to the second and third factual assertions—that Mr. Miller and Ms. Rackley had a child and that Mr. Miller failed to satisfy his obligations to that child—we can discern no statutory or regulatory basis by which either of these facts (which we assume to be true) could create an exception to the requirement that a "surviving spouse" must be married to the veteran at the time of the veteran's death. Though we share the Veterans Court's sympathy for Ms. Rackley's circumstances, we lack the jurisdiction to review the decision because the Veterans Court merely applied existing law to the facts of Ms. Rackley's case.

B

Finally, Ms. Rackley argues in her informal briefs that the Veterans Court's decision violated "her constitutional liberty." Appellant's Br. 2. But her arguments regarding this purported violation of constitutional rights reiterate the factual assertions of misconduct by Mr. Miller and his failure to meet his financial obligations to his child while he lived. *Id.* Although we have jurisdiction to consider constitutional questions, simply characterizing an argument "as constitutional in nature does not confer upon us jurisdiction that we otherwise lack." *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999). Because the Veterans Court's

decision did not involve any constitutional provision, we are without jurisdiction to consider this argument.

### III

Ms. Rackley's appeal challenges only the Veterans Court's application of law to the facts of her case. Because we lack jurisdiction to review the application of law to fact, we dismiss.

## **AFFIRMED**

### COSTS

No costs.