NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**ROSE A. DAVIS,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2022-1154

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-4603, Judge Joseph L. Falvey, Jr.

_____

Decided: September 9, 2022

_____

ROSE DAVIS, Reading, PA, pro se.

EVAN WISSER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY.

_____

Before MOORE, *Chief Judge*, HUGHES and STARK, *Circuit Judges*.

PER CURIAM.

Rose A. Davis appeals a decision of the United States Court of Appeals for Veterans Claims affirming the Board of Veterans' Appeals' decision denying her recognition as veteran Harvey W. Kimble's surviving spouse. Because we lack jurisdiction to hear Ms. Davis' appeal, we *dismiss*.

## BACKGROUND

Mr. Kimble served on active duty from July 1976 to July 1980. S. Appx. 11. Ms. Davis and Mr. Kimble married in July 1979 and divorced in September 2007. They did not remarry. S. Appx. 12–13. Mr. Kimble passed away in January 2014 and, in April 2014, Ms. Davis applied for death benefits from the Department of Veterans Affairs (VA). S. Appx. 11, 13. In the application, she identified herself as Mr. Kimble's "former spouse" and indicated they divorced in 2007. S. Appx. 13. A VA Pension Management Center denied the application and Ms. Davis appealed to the Board. S. Appx. 12–13. Following certification of the appeal, Ms. Davis submitted additional evidence, including two additional applications in June and September 2016. *Id.* In the September 2016 application, Ms. Davis identified herself as Mr. Kimble's "surviving spouse" and indicated the marriage did not end until Mr. Kimble's death. S. Appx. 13.

As applicable here, a surviving spouse is a person who was lawfully married to the veteran, was married to the veteran at the time of the veteran's death, and lived with the veteran continuously from the date of marriage to the date of the veteran's death, except where there was a separation due to the misconduct of the veteran without the fault of the spouse. 38 U.S.C. § 101(3); 38 C.F.R. § 3.50(b). Ms. Davis argued that she was Mr. Kimble's surviving spouse despite their divorce and separation because (1) the

divorce was not valid and (2) the separation and divorce were the result of Mr. Kimble's misconduct.  S. Appx. 13–14.  The Board did not agree and denied Ms. Davis' claim.  S. Appx. 2, 11–17.

The Board first found the divorce decree was valid.  After reviewing the relevant Pennsylvania divorce statute and the evidence submitted by Ms. Davis, it found the divorce decree complied with the statute.  S. Appx. 15.  Contrary to Ms. Davis' contention, the Board found no evidence indicating Ms. Davis was not competent to sign legal documents at the time of the divorce decree.  S. Appx. 15–16.  It further noted that Ms. Davis was represented by private counsel during the divorce proceedings.  S. Appx. 16.

The Board also rejected Ms. Davis' argument that she was a surviving spouse because the separation and divorce were due to Mr. Kimble's misconduct.  S. Appx. 16–17.  Ms. Davis alleged that Mr. Kimble repeatedly committed adultery and they therefore separated and divorced through no fault of her own.  S. Appx. 16.  To support her argument, she cited a December 2009 Board decision awarding spousal recognition to an appellant who was divorced as the result of the veteran's misconduct.  S. Appx. 16.  The Board rejected this argument noting that Board decisions are not precedential, and the exception for misconduct applies only to situations where the veteran and the surviving spouse ceased cohabiting but remained legally married.  S. Appx. 16 (citing *Haynes v. McDonald*, 785 F.3d 614 (Fed. Cir. 2014)).  As Ms. Davis and Mr. Kimble were no longer legally married at the time of Mr. Kimble's death, the Board stated there was no need to further address Ms. Davis' arguments about Mr. Kimble's alleged misconduct.  S. Appx. 17.  Ms. Davis moved for reconsideration, which the Board denied.  She subsequently appealed to the Veterans Court.  S. Appx. 18–20.  The Veterans Court affirmed.  Ms. Davis appeals.

DISCUSSION

Our jurisdiction over decisions of the Veterans Court is limited. Under 38 U.S.C. § 7292(a), we may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." Except with respect to constitutional issues, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

We lack jurisdiction over Ms. Davis' appeal. Ms. Davis' appeal does not involve the validity or interpretation of a statute or regulation. Nor does it raise any constitutional issues. Instead, it raises only the same factual arguments Ms. Davis raised below and essentially asks us to reweigh the evidence in her favor.[1] We lack jurisdiction to review the Board's factual findings and therefore *dismiss*.

**DISMISSED**

COSTS

No costs.

---

[1]   Ms. Davis also cites recently acquired evidence that she alleges establishes her as Mr. Kimble's beneficiary. While we lack jurisdiction to review Ms. Davis' alleged new evidence, if she indeed has new and relevant evidence, she may submit a supplemental claim to the Regional Office. *See* 38 C.F.R. § 3.2501.