**Albert MORGAN, Jr., Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 96–49.**

United States Court of Veterans Appeals.

June 3, 1996.

Before KRAMER, FARLEY, and IVERS, Judges.

## ORDER

PER CURIAM.

On September 29, 1995, the Board of Veterans' Appeals (BVA or Board) held that the appellant's claim of clear and unmistakable error (CUE) in prior BVA decisions was without legal merit. The BVA also held that the appellant had submitted new and material evidence to reopen a claim for service connection for sarcoidosis of the knees, and remanded that claim to the regional office (RO). The appellant filed a Notice of Appeal with the Court on January 23, 1996.

On February 12, 1996, the Secretary filed a motion to dismiss the appellant's claims. After noting that this is the sixth appeal filed by this appellant in his quest for service connection for sarcoidosis, the Secretary argued that the Court lacked jurisdiction to entertain this appeal. On February 27, 1996, the appellant filed an opposition, with numerous exhibits, in which he iterated his view that the repeated denials of his sarcoidosis claim constituted CUE.

With regard to the sarcoidosis service connection claim, this Court only has jurisdiction to review final BVA decisions. 38 U.S.C. §§ 7252(a), 7266(a); *Harris v. Derwinski*, 1 Vet.App. 180, 182–83 (1991). In view of the remand of that claim by the BVA to the RO, that claim remains pending and has yet to be the subject of a final BVA decision. Therefore, the Court does not have jurisdiction to consider the sarcoidosis claim on the merits at this time.

Turning to the appellant's CUE claims, in *Smith v. Brown*, 35 F.3d 1516, 1527 (Fed.Cir.1994), the United States Court of Appeals for the Federal Circuit held that "the CUE review authority in [38 C.F.R.] § 3.105(a) [(1994)] ... relat[es] only to review of [agency of original jurisdiction (AOJ)] adjudicatory decisions and not to those of the Board." *See Duran v. Brown*, 7 Vet.App. 216, 224 (1994) ("where an AOJ decision was appealed to and affirmed by the Board and thus subsumed by the Board's decision, no claim of 'clear and unmistakable error' under 38 C.F.R. § 3.105(a) exists as a matter of law with respect to that AOJ decision"); *see also Mykles v. Brown*, 7 Vet.App. 372, 374–75 (1995). In the motion to dismiss, the Secretary argues that the CUE claims only relate to December 1978, November 1982, May 1986, and October 1989 final BVA decisions which had denied service connection for sarcoidosis and that, accordingly, *Smith* dictates that the Court dismiss this appeal. Secretary's Motion at 3.

In his opposition, the appellant does not dispute the Secretary's characterization of the various BVA decisions. Instead, he argues that his CUE claim arises from a July 1, 1983, RO decision. Appellant's Opposition at 3. This is an apparent reference to a

letter of that date from the RO to the appellant, a copy of which was attached as an exhibit to the appellant's opposition, which stated: "The evidence establishes that your service-connected condition of your knees is 10 percent disabling. Effective date of the increased evaluation is determined to be February 29 [sic], 1979."

It is readily apparent from a review of all of the material submitted by the appellant that this July 1983 RO "decision" served only to implement and assign an effective date for the BVA's May 1983 decision, which had assigned an increased rating of 10% for degenerative joint disease of the knees. If the Court were to accept the appellant's argument that this RO "decision" serves as a valid predicate for his claim that VA's denial of his sarcoidosis claim was CUE, it would be tantamount to the Court reviewing the underlying BVA decision which the RO decision implemented, an action which *Smith* expressly precludes. *See Duran, supra; Mykles, supra.*

In consideration of the foregoing, it is

ORDERED that the Secretary's motion is granted and this appeal is DISMISSED.