# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 00-499

MERRITT I. ANDERSON, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided   September 14, 2004    )

*Cindy B. Smith*, of Truckee, California, was on the pleadings for  the appellant.

*Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Joan E. Moriarty*, Deputy Assistant General Counsel; and *Catherine A. Chase*, all of Washington, D.C., were on the pleadings for the appellee.

Before KRAMER, *Chief Judge*, and IVERS and STEINBERG, *Judges*.

IVERS, *Judge*, filed the opinion of the Court.  STEINBERG, *Judge*, filed a concurring opinion.

IVERS, *Judge*: The appellant, Merritt I. Anderson, appeals a December 7, 1999, decision of the Board of Veterans' Appeals (BVA or Board) that denied 12 separate claims for VA benefits. Record (R.) at 1-49.  In an August 27, 2002, single-judge dispositive order, the Court, inter alia, vacated that portion of the December 7, 1999, decision of the Board that denied, as not well grounded, claims for skin disorder, back disorder, psychiatric disability (including post-traumatic stress disorder (PTSD)), lung disorder, a cardiovascular disorder (including hypertension), a kidney disorder, post-polio syndrome, residuals of a claimed heat stroke, a disability manifested by fatigue and weakness, and a claim for residuals of a pulmonary embolism pursuant to 38 U.S.C. § 1151, and remanded those matters pursuant to the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096.  The previously remanded claims are not before the Court, and they

will not be addressed in this opinion. *Morgan v. Brown*, 9 Vet.App. 161, 162 (1996) (per curiam order). The appeal as to the remaining issues of whether the Court has jurisdiction over the appellant's claims for service connection for depression secondary to service-connected impotence pursuant to section 1151, entitlement to an earlier effective date for an increased rating for tinnitus, and for entitlement to service connection for various disorders secondary to in-service tobacco use remain before the Court. The appellant also contends that a remand is required because VA failed to adjudicate the appellant's claim for non-service-connected pension.

In an August 27, 2002, single-judge order, the Court directed that the Secretary file a supplemental brief addressing the effect of section 603(a) of the Veterans Education and Benefits Expansion Act of 2001, Pub. L. No. 107-103, 115 Stat. 976, 999 (2001), upon this Court's jurisdiction. Both parties have submitted supplemental memoranda. The Court expresses its gratitude to the parties for their efforts in responding to the August 27, 2002, order. The Court has determined, upon further review, that that information is not necessary to decide the appeal. This appeal is timely, and the Court has jurisdiction pursuant to 38 U.S.C. §§ 7252(a) and 7266(a). For the reasons set forth below, the Court will affirm the Board decision in part and vacate it in part and remand a matter.

## I. BACKGROUND

The appellant served in the U.S. Army from May 24, 1960, to May 24, 1962. R. at 51, 130. He had service in the continental United States in Texas, Alabama, and Utah. R. at 69-70. In 1992, the appellant submitted a claim for entitlement to non-service-connected pension. R. at 380. In April 1993, a VA regional office (RO) denied entitlement to non-service-connected pension. R. at 395-98, 673. The appellant submitted a Notice of Disagreement (NOD) in May 1993. R. at 395-98. In November 1995, the RO prepared a Statement of the Case (SOC) for the appellant's claim for non-service-connected pension. R. at 673. He perfected his appeal on that claim on November 15, 1995. R. at 664-65. In a January 1998 RO hearing, the appellant did not testify regarding his claim for non-service-connected pension. R. at 2722-59. The Board decision on appeal did not address the issue of non-service-connected pension. R. at 1-49.

In September 1997, the appellant submitted a claim for service connection for various

disorders as secondary to in-service tobacco use. R. at 2655-57. In an October 1997 letter, which is not contained in the record but which both sides agree was included in the claims file, the RO requested that the appellant provide evidence and information that would support his claim relating to tobacco usage. In a December 1997 decision, the RO denied the appellant's claim for service connection for lung and heart disabilities secondary to tobacco use in service. Supplemental Record (Suppl. R.) at 1-4. In January 1998, the appellant stated, at an RO hearing, that he believed that his hypertension and coronary artery disease were directly related to his exposure to chemicals, the military diet, and his smoking, all of which he was exposed to while in the service. R. at 2743. The record does not indicate that an NOD was ever filed regarding that claim.

In September 1995, the appellant submitted a claim for an increased rating for hearing loss because of the need for bilateral hearing aids. R. at 641. In a February 1996 RO decision not contained in the record on appeal (ROA), the RO apparently granted the appellant a 10% disability rating, effective September 1995, resulting in a combined rating of 20%. The appellant submitted correspondence to VA dated March 17, 1996, in which, among other things, he stated: "First I sought a audio exam back in 1995 that you people fail to recognize or allow in your decisions. If you were allowing me 20% combined evaluation, why wasn't this allowed back in 1985?" R. at 711. He made the same assertion in correspondence dated March 18, 1996, when he noted: "I thank you for the additional amount of compensation, however wonder why it wasn't allowed back in 1985!" R. at 721.

## II. ANALYSIS
### A. Claim for Non-Service-Connected Pension

The appellant contends that the Board failed to adjudicate his claim for non-service-connected pension and that, therefore, a remand is necessary so that the Board may adjudicate the claim in accordance with 38 U.S.C. § 7104(d)(1). The Secretary argues that any such error would constitute nonprejudicial error, because the appellant is legally ineligible for non-service-connected pension. The Court agrees with the Secretary. To be eligible for non-service-connected pension, a veteran must have served during a period of war as statutorily defined; be permanently and totally disabled; and meet certain income standards. 38 U.S.C. § 1521; 38 C.F.R. § 3.3(a)(3) (2003). The

3

"Vietnam era" is statutorily defined as follows:

> (A) The period beginning on February 28, 1961, and ending on May 7, 1975, in the case of a veteran who served in the Republic of Vietnam during that period.
> (B) The period beginning on August 5, 1964, and ending on May 7, 1975, in all other cases.

38 U.S.C. § 101(29). The record clearly indicates that the appellant served from May 24, 1960, to May 24, 1962, and that he did not serve in the Republic of Vietnam, but rather spent his entire military service in the continental United States R. at 51, 69-70. The appellant's claim must fail as a matter of law because he does not meet either of the statutory requirements for an award of non-service-connected pension relating to service during a period of war, here the Vietnam era. "Where the law and not the evidence is dispositive, the claim should be denied." *Sabonis v. Brown*, 6 Vet.App. 426, 430 (1994). Even assuming that the Board did fail to adjudicate the appellant's pension claim, such error is nonprejudicial because the appellant's claim must fail as a matter of law on the facts asserted by the appellant. *See* 38 U.S.C. § 7261(b)(2); *Valiao v. Principi*, 17 Vet.App. 229, 232 (2003).

### B. Claim for Service Connection for Various Disorders Secondary to In-Service Tobacco Use

The appellant contends that VA failed to adjudicate his informal claim for service connection for disabilities related to his tobacco use in service, and that therefore, a remand is required to permit VA to adjudicate his claim. The Secretary argues that the Court has jurisdiction over this claim because the Board addressed it in its decision. R. at 3. The Board noted the following:

> The Board observes that the RO in December 1997 denied entitlement to service connection for chronic obstructive pulmonary disease and heart disease due to the use of tobacco products and notified the veteran of that determination. At the January 1998 RO hearing, comments were made regarding tobacco usage . . . but the record does not show a notice of disagreement was filed at the hearing or thereafter to initiate appellate review.

*Id*. The Secretary correctly asserts that, in December 1997, the RO denied the appellant's claim for service connection for lung and heart disabilities secondary to tobacco use in service. Suppl. R. at 1-4. However, the record does not include an NOD filed by the appellant regarding this claim. For the reasons that follow, the Court agrees with the Secretary that the appellant has not submitted an NOD on that claim.

4

Section 7105(b) of title 38, U.S. Code, sets forth the statutory requirements for an NOD. The NOD must be in writing and filed by the appellant or a representative within one year "from the date of mailing of notice of the result of initial review or determination." 38 U.S.C. § 7105(b)(1), (2); *see* 38 C.F.R. § 20.302(a) (2003). If an NOD is not filed within the one-year time period, the RO decision "shall become final and the claim will not thereafter be reopened or allowed, except as may otherwise be provided by regulations not inconsistent with this title." 38 U.S.C. § 7105(c); *see Rowell v. Principi*, 4 Vet.App. 9, 17 (1993). An NOD is defined by regulation as "[a] written communication from a claimant or his or her representative expressing dissatisfaction or disagreement with an adjudicative determination by the [RO] and a desire to contest the result" and it "must be in terms which can be reasonably construed as disagreement with that determination and a desire for appellate review." 38 C.F.R. § 20.201 (2003); *see Gallegos v. Principi*, 283 F.3d 1309 (Fed. Cir. 2002) *cert. denied*, 537 U.S. 1071 (2002). "There can be only one valid NOD as to a particular claim, extending to all subsequent RO and BVA adjudications on the same claim until a *final* RO or BVA decision has been rendered in that matter, or the appeal has been withdrawn by the claimant." *Hamilton v. Brown*, 4 Vet.App. 528, 538 (1993) (en banc) (emphasis in original). "Whether a document is an NOD is a question of law for the Court to determine de novo under 38 U.S.C. § 7261(a)(1)." *Beyrle v. Brown*, 9 Vet.App. 24, 28 (1996).

At a January 1998 RO hearing, the appellant testified that he believed that his hypertension and coronary artery disease were directly related to his smoking while in service. R. at 2743. He did not allege that the RO had erroneously denied service connection for lung and heart disabilities secondary to tobacco use in service in its December 1997 decision, nor did he express "dissatisfaction or disagreement with an adjudicative determination by the [RO] and a desire to contest the result" and communicate it "in terms which can be reasonably construed as disagreement with that determination and a desire for appellate review." 38 C.F.R. § 20.201. The record does not contain anything that can be construed as an NOD submitted by the appellant regarding the RO's denial of that claim. Since the appellant's claim for service connection for various disorders secondary to in-service tobacco usage was not in appellate status before the Board, the Board was not required to address, and did not address, that claim. Thus, the Court lacks jurisdiction over that claim. *See Hamilton*, 4 Vet.App. at 531.

5

C. Earlier Effective Date for Service-Connected Tinnitus

The appellant asserts that a remand is required regarding his claim for an earlier effective date for service connection for tinnitus. In September 1995, he submitted a claim for an increased rating for hearing loss because of the need for bilateral hearing aids. R. at 641. Although the ROA does not contain the February 1996 RO decision, apparently the RO granted the appellant a 10% rating for tinnitus effective September 1995, resulting in a combined rating of 20%. The appellant submitted correspondence to VA dated March 17, 1996, in which, among other things, he stated: "First I sought a[n] audio exam back in 1995 that you people fail to recognize or allow in your decisions. If you were allowing me 20% combined evaluations, why wasn't this allowed back in 1985?" R. at 711. He made the same assertion in correspondence dated March 18, 1996, when he noted: "I thank you for the additional amount of compensation, however wonder why it wasn't allowed back in 1985!" R. at 721. He expresses "dissatisfaction or disagreement with an adjudicative determination by the [RO] and a desire to contest the result" and communicates it "in terms which can be reasonably construed as disagreement with that determination and a desire for appellate review." 38 C.F.R. § 20.201. Liberally interpreted, the appellant's "wonder why it wasn't allowed back in 1985" was an expression of disagreement with the effective date assigned.

The Court holds that either the March 17 or March 18, 1996, letter to the RO constituted a valid NOD. His inquiries constituted written communications that expressed dissatisfaction with the February 1996 RO decision regarding the effective date assigned for his service-connected tinnitus. The record does not indicate that VA has ever issued an SOC as required by 38 U.S.C. § 7105(d). Nor did the December 1999 Board decision on appeal address the issue of the appellant's NOD regarding an earlier effective date for his service-connected tinnitus. As we held in *Fenderson v. West*:

> Hence, we are presented here with a timely NOD as to this claim but regarding which the RO has never responded by issuing an SOC as required by law and regulation. The remedy for such a situation is controlled by our opinion in *Holland v. Gober*, 10 Vet.App. 433, 436 (1997) (per curiam order) (vacating BVA decision and remanding matter when VA failed to issue SOC after claimant submitted timely NOD) . . . .

6

*Fenderson*, 12 Vet.App. 119, 132 (1999). Thus, as in *Fenderson*, "the Court will . . . vacate the BVA decision as to this matter and remand to the Board 'for appropriate procedural compliance, specifically the issuance of an SOC.'" *Fenderson*, *supra* (quoting *Holland*, *supra*); *see* 38 U.S.C. § 7105(d)(1); 38 C.F.R. §§ 19.26, 19.29 (2003). Thereafter, the appellant will be afforded 60 days in which to perfect his appeal by filing a Substantive Appeal pursuant to 38 U.S.C. § 7105(d)(3) and 38 C.F.R. §§ 20.202 and 302(b) (2003). *See Fenderson*, *supra*.

### D. Claim for Compensation Secondary to an Award of Compensation for Disability pursuant to 38 U.S.C. § 1151

The Court notes that the appellant's characterization in his pleadings of his newly raised claim for depression as a claim for secondary service connection from his service-connected impotence pursuant to section 1151 is incorrect. A claim under section 1151 is not, properly speaking, a claim for service connection pursuant to section 1151. The Court has observed: "Section 1151 does not confer upon its beneficiaries the ***status*** of service connection; rather, section 1151 ***awards compensation as if the claimant were service connected***. In other words, section 1151 nowhere provides that the ***disability*** is, as the appellant suggests . . , to be treated generally as if it were service connected." *Kilpatrick v. Principi*, 16 Vet.App. 1, 5 (2002)(emphasis in the original). Thus, the correct description for the appellant's claim is a claim for compensation secondary to an award of compensation for disability pursuant to section 1151. While the parties in their pleadings and this Court in the past, *see Hamilton,* 4 Vet.App. at 527-28, have interchangeably used the term "service connection" with a section 1151 claim, as the Court illustrated in *Kilpatrick*, *supra*, such usage is not legally accurate.

The appellant asserts that, although the Board granted compensation as if he were service connected for impotence pursuant to 38 U.S.C. § 1151 (R. at 48), the Board failed to consider a claim for compensation for depression secondary to the award for impotence . The appellant notes that various VA outpatient records indicate that the appellant's depression may be related to his unresolved sexual issues. *See e.g.* R. at 336, 338, 347, 354, 1350. He argues that, because he has been granted compensation as if he were service connected for impotence, the Board's failure to consider him for a claim for compensation for depression secondary to the award for impotence requires that the claim be remanded to the Board to analyze the depression claim as a claim for

7

compensation for depression secondary to the section 1151 award for impotence. The Secretary counters that the Court lacks jurisdiction because the appellant has not submitted an NOD addressing a denial of a claim for secondary service connection for depression, nor is there any claim pending on that issue.

Although the December 1999 Board decision lists only a claim for service connection for a psychiatric disability, including PTSD, it is apparent that the Board also adjudicated and denied the appellant's claim for service connection for a psychiatric disorder, including depression (although not listed as a separate claim) (R. at 35). At the RO, that claim was listed as a separate and distinct claim from the appellant's claim for service connection for PTSD. *See* R. at 745-58, 760-62, 2739-41. The Court remanded the appellant's claim for service connection for a psychiatric disability, including PTSD and depression, in its August 2002 order. Therefore, that claim is not before us but rather the Board.

The Court notes that the appellant's previously remanded claim for service connection for a psychiatric disability including depression is distinguishable from his newly asserted claim for compensation for depression secondary to the section 1151 award for impotence. The appellant has raised the claim for compensation secondary to an award of compensation for disability pursuant to section 1151 for the first time before this Court. Because the new claim for compensation is derivative of his section 1151 grant of compensation for impotence, he could not have raised such a claim until he had been granted compensation upon which to base it, with the possible exception of making such a claim contingent upon a grant of an award in the underlying compensation claim, which is not the case here. Thus, the Board could not have erred by failing to consider such a claim.

There is a legal distinction between filing a claim for service connection for a disability pursuant to 38 U.S.C. § 1110 and a claim for compensation derived from a grant of compensation pursuant to 38 U.S.C. § 1151. *See Kilpatrick*, 16 Vet.App. at 5; *cf. Carpenter v. West*, 11 Vet.App. 140, 142-43 (1998); *Green v. Brown*, 10 Vet.App. 111, 114-16 (1997). Although, as in this case, the appellant has a claim for service connection for depression pending pursuant to 38 U.S.C. § 1110, any claim for compensation based upon his award of compensation for impotence pursuant to section 1151 impotence constitutes a separate and distinct claim for VA benefits. In other words, the appellant may have two separate claims for the same condition based upon separate legal bases,

8

i.e., for service connection pursuant to 38 U.S.C. § 1110 and for compensation secondary to an award of compensation pursuant to section 1151.

The Court does not have jurisdiction in the first instance to hear the appellant's claim for compensation secondary to an award of compensation for impotence pursuant to section 1151. The claim has not been adjudicated by VA and the Court is not authorized to make findings of fact in the first instance to decide such a claim. *See Elkins v. Gober*, 229 F.3d 1369, 1377 (Fed. Cir. 2000) ("fact-finding in veterans cases is to be done by the expert BVA, not by the Veterans Court."); *Hensley v. West*, 212 F.3d 1255, 1263 (Fed. Cir. 2000) (noting "the general rule that appellate tribunals are not appropriate fora for initial fact finding"). There is also no NOD, nor could there be because there was no claim below, nor is there a final Board decision over which the Court may exercise jurisdiction. The appropriate forum for the appellant's claim for compensation secondary to an award of compensation pursuant to section 1151 is VA, not this Court.

### E. Miscellaneous

The appellant argues that a remand is required for the Board to provide an adequate statement of reasons or bases regarding clear and unmistakable error (CUE) in the July 1962 RO decision that denied service connection for a low back disability. There is no indication in the record that the appellant raised the issue of CUE at the RO or the Board. This issue was raised for the first time in the appellant's brief before this Court. Because this issue was neither raised before, nor adjudicated by VA, the Court lacks jurisdiction to review it. *Crowe v. Brown*, 7 Vet.App. 238, 248 (1994).

The appellant also contends that VA violated the pre-VCAA duty to assist when it failed to obtain his Social Security Administration (SSA) records. The appellant may raise the issue of the SSA records at the Board during the adjudication of the previously remanded claims.

### III. CONCLUSION

For the reasons stated above, the December 7, 1999, Board decision is AFFIRMED in part, and the earlier-effective-date claim for service-connected tinnitus is VACATED and that matter is REMANDED.

STEINBERG, *Judge*, concurring: The Court has found it unnecessary to address the effect

of section 603(a) of the Veterans Education and Benefits Expansion Act of 2001 (VBEA), Pub. L. No. 107-103, § 603(a), 115 Stat. 976, 999, in repealing section 402 of the Veterans' Judicial Review Act (VJRA), Pub. L. No. 100-687, § 402, 102 Stat. 4105, 4122 (1988) (set forth in 38 U.S.C. § 7251 note). This matter has been addressed, however, by the appellant in his reply brief and by the Secretary in a supplemental brief filed in response to an order of the Court. Because the Secretary has asserted "that the Court does not have jurisdiction over claims . . . as [to which] there is no Board decision" (Secretary's Sept. 26, 2002, Response (Resp.) at 3), I want to set forth my view that this contention and certain other positions taken by the Secretary are not correct.

As a result of the repeal of VJRA § 402, the filing of a Notice of Disagreement (NOD) after November 17, 1988, is no longer a jurisdictional prerequisite for this Court's jurisdiction over a case where the appeal was filed here on or after December 27, 2001, or where the appeal was filed here before that date but a final decision has not been made by December 27, 2001. VBEA § 603(d). There is no dispute about this conclusion. However, the Secretary goes on to assert that because

> a final Board decision is a jurisdictional requirement for the Court, to conclude that the Court may review a claim on the merits without an NOD, [sic] would place the Court in the anomalous position of reviewing [regional office (RO)] decisions which the Board would not have jurisdiction to review.

Resp. at 5. The Secretary's position that a BVA decision is required on a particular claim or matter in order for this Court to have jurisdiction over such a claim or matter on appeal overlooks the situation, clearly contemplated in our caselaw, where the Board fails to address a claim or a matter over which the Board had jurisdiction by virtue of an NOD as to either an RO's adverse decision or as to an RO's failure to address a claim or matter reasonably raised to it. *See Fenderson v. West*, 12 Vet.App. 119, 131-32 (1999) (ordering Board to direct issuance of Statement of the Case (SOC) where RO failed to issue SOC as to claim after receiving timely filed NOD regarding that claim); *Velez v. West*, 11 Vet.App. 148, 157 (1998); *Garlejo v. Brown*, 10 Vet.App. 229, 233 (1997) (citing *Johnston v. Brown*, 10 Vet.App. 80 (1997); *Phillips v. Brown*, 10 Vet.App. 25 (1997); *Slater v. Brown*, 9 Vet.App. 240 (1996); and *Isenbart v. Brown*, 7 Vet.App. 537, 540-41 (1995)).

In my view, the law at this point, in light of the repeal of VJRA § 402 by VBEA § 603, is that this Court has jurisdiction in any of the following circumstances as to post-December 26, 2001,

appeals here or appeals here that were not finally decided by December 27, 2001:

(1)  Where the Board has addressed a claim or matter as to which there was a valid NOD as to either an RO's adverse decision on that claim or matter or as to an RO's failure to address a claim or matter reasonably raised to it, *see* 38 U.S.C. § 7266; *Fenderson, Velez*, and *Isenbart*, all *supra*;

(2)  where the Board has addressed a claim or matter even though there was no valid NOD as to that claim or matter (the Court could address either the question of the Board's lack of jurisdiction in light of the 38 U.S.C. § 7105(b) NOD requirement or address the merits of the Board's action, *see* 38 U.S.C. § 7252(a)); otherwise, an incorrect, adverse, final Board decision on a claim or matter would be allowed to stand without the possibility of correction through judicial review, *see* 38 U.S.C. §§ 7252(a), 7266;

(3)  where the Board failed to address a claim or matter even though a valid NOD has been filed as to an RO's adverse decision on that claim or matter or as to an RO's failure to address a claim or matter reasonably raised to the RO, *see Fenderson, Velez*, and *Isenbart*, all *supra*; and

(4)  where the Board failed to refer to an RO a claim or matter raised for the first time to the Board in the course of an appeal of an RO's action on another claim or matter, *see Godfrey v. Brown*, 7 Vet.App. 398, 409 (1995); in this situation the Court would have jurisdiction to direct the Board to refer that claim or matter to an RO.