HAGEL, Judge,
concurring in the result:
I fully concur in the result in this case, but I write separately to express my concern over the majority’s resolution of the central issue. A panel was convened to decide, in the context of a claim for benefits under 38 U.S.C. § 1151, whether 38 U.S.C. § 5103A(a) or 38 U.S.C. § 5103A(d) controls the determination of whether VA must provide a medical examination or opinion. Based on a plain reading of the applicable statutes, and the precedential decisions of this court and the U.S. Court of Appeals for the Federal Circuit, I conclude that the proper standard for determining whether a medical examination or opinion should be ordered in a claim for benefits under section 1151 is provided under 38 U.S.C § 5103A(a). However, because analysis under section 5103A(a) yields the same result as did the majority using section 5103A(d), I concur in the result.
A. Plain Meaning
Foremost, a plain reading of the relevant statutes requires this conclusion. A fundamental canon of statutory construction is that the words of a statute are *284 given “their ‘ordinary, contemporary, common meaning,’ absent an indication Congress intended them to bear some different import.” Williams v. Taylor, 529 U.S. 420, 431, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000) (quoting Walters v. Metropolitan Ed. Enterprises, Inc., 519 U.S. 202, 207, 117 S.Ct. 660, 136 L.Ed.2d 644 (1997)); see Smith v. United States, 508 U.S. 223, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993) (citing Perrin v. United States, 444 U.S. 37, 42, 100 S.Ct. 311, 62 L.Ed.2d 199, (1979) (stating that “[UJnless otherwise defined, words [in a statute] will be interpreted as taking their ordinary, contemporary, common meaning”)). Section 5103A(d)(l) explicitly concerns “a claim for disability compensation,” while section 5103A(a) does not. Thus, we must determine whether a claim made under 38 U.S.C. § 1151 is properly construed as “a claim for disability compensation.” The plain meaning of “disability compensation” dictates that it is not.
First, 38 C.F.R. § 3.4(b)(1) states that “[b]asic entitlement [for disability compensation] for a veteran exists if the veteran is disabled as the result of a personal injury or disease (including aggravation of a condition existing prior to service) while in active service if the injury or disease was incurred or aggravated in the line of duty.” 38 C.F.R. § 3.4(b)(l)(2012). The focus of this regulation is that the injury or disease was “incurred or aggravated in the line of duty.” Id. (emphasis added). “In the line of duty” is defined as “an injury or disease incurred or aggravated during a period of active military, naval, or air service unless such injury or disease was the result of the veteran’s own willful misconduct....” 38 C.F.R. § 3.1(m)(2012).
Here, Mr. Trafter sought compensation under section 1151 based on two theories: (1) that VA medical personnel failed to timely diagnose and treat his breast cancer, which led to the development or aggravation of his mental disability; and (2) that VA misdiagnosed him with bipolar disorder, which, in turn, caused or aggravated his mental disability. R. at 8. Section 1151 provides that compensation shall be awarded for an additional disability or death “in the same manner as if such additional disability or death were service-connected,” if the additional disability or death was not the result of the veteran’s willful misconduct and:
(1) the disability or death was caused by hospital care, medical or surgical treatment, or examination furnished the veteran under any law administered by the Secretary ... and the proximate cause of the disability or death was—
(A) carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault on the part of the Department in furnishing the hospital care, medical or surgical treatment, or examination; or
(B) an event not reasonably foreseeable.
38 U.S.C. § 1151(a).
The premise behind compensation under section 1151 is that the veteran suffered an additional disability or death as the result of training, hospital care, medical or surgical treatment, compensated work therapy, or an examination furnished by VA, not by injury or disease incurred or aggravated while in active service. 38 U.S.C. § 1151; 38 C.F.R. § 3.361 (2012). Thus, Mr. Tracer's theories of entitlement to compensation are premised on negligence on the part of VA, not that his depression was incurred or aggravated in the line of duty. The factual premise underlying section 1151 claims, by the very language of the statute, does not include a disability that took place in service but is, in fact, linked to treatment after service.
*285 Second, section 5103A(d)(2)(B) explicitly provides that, when the Secretary is determining whether a medical examination or opinion is “necessary to make a decision on a claim,” the evidence of record must “indicate! ] that the disability or symptoms may be associated with the claimant’s active military, naval, or air service.” The term “active military, naval, or air service” includes:
(A) active duty;
(B) any period of active duty for training during which the individual concerned was disabled or died from a disease or injury incurred or aggravated in line of duty; and
(C) any period of inactive duty training during which the individual concerned was disabled or died—
(i) from an injury incurred or aggravated in line of duty; or
(ii) from an acute myocardial infarction, a cardiac arrest, or a cerebrovas-cular accident occurring during such training.
38 U.S.C. § 101(24). Again, the crux of a claim made pursuant to section 1151 is negligence on the part of VA, specifically that the claimant’s disability was the result of VA care or medical treatment, not as a result of his active military, naval, or air service. Thus, the plain meaning of the term “disability compensation” necessitates that the disability for which the claimant is seeking benefits is incurred in or aggravated by active military service. Entitlement to benefits under section 1151 is grounded in post-service fault of VA, not on the in-service incurrence or aggravation of a disability, benefits that are authorized under 38 U.S.C. § 1110.
B. Prior Caselaw of This Court
Second, our own prior caselaw also supports the conclusion that section 1151 claims are not “disability compensation” claims.
Contrary to the majority’s finding, this Court has previously held that, although compensation awarded to an 1151 claimant is paid in the same manner as if such additional disability were service connected, they are, in fact, two distinct claims. See Anderson v. Principi, 18 Vet.App. 371, 377 (2004) (“There is a legal distinction between filing a claim for service connection for a disability pursuant to 38 U.S.C. § 1110 and a claim for compensation derived from a grant of compensation pursuant to 38 U.S.C. § 1151.”).[6] Further, this Court has noted that “[sjection 1151 does not confer upon its beneficiaries the status of service connection; rather, section 1151 awards compensation as if the claimant were service connected. In other words, section 1151 nowhere provides that the disability is ... to be treated generally as if it were service connected.” Kilpatrick v. Principi, 16 Vet.App. 1, 5 (2002), aff'd, 327 F.3d 1375 (Fed.Cir.2003). A section 1151 claim “constitutes a separate and distinct claim for VA benefits.” Anderson, 18 Vet.App.at 377. Thus, this Court’s case law has consistently distinguished claims made pursuant to section 1151 and claims for disability compensation pursuant to section 1110.
C. The United States Court of Appeals for the Federal Circuit (Federal Circuit) Precedent
The Federal Circuit has also drawn a distinction between “disability compensation” and other benefits administered by the Secretary. Section 5103A(a) provides that:
*286 (1) The Secretary shall make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claimant’s claim for a benefit under a law administered by the Secretary. (2) The Secretary is not required to provide assistance to a claimant under this section if no reasonable possibility exists that such assistance would aid in substantiating the claim.
38 U.S.C. 5103A(a)(l, 2) (emphasis added). This general language contrasts starkly with the more specific “disability compensation” language used as the predicate for applying section 5103A(d).
In Wood v. Peake, 520 F.3d 1345 (Fed.Cir.2008), the Federal Circuit determined that the “general duty to assist provision” applies when determining whether dependency and indemnity compensation claimants are entitled to a medical examination or opinion in the development of their claims. The Federal Circuit concluded that, “[w]hile [section] 5103A(a) applies to any ‘benefit under a law administered by the Secretary’ and thus encompasses [dependency and indemnity compensation] claims, § 5103A(d) only applies to ‘claim[s] for disability compensation,’ which does not include [dependency and indemnity compensation] claims.” Wood, 520 F.3d. at 1349; see also DeLaRosa v. Peake, 515 F.3d 1319, 1322 (Fed.Cir.2008) (noting that “[s]ection 5103A(d)(l) explicitly limits its applicability to claims for disability compensation”). Further, in a footnote the Federal Circuit noted, and the Secretary conceded, that dependency and indemnity compensation payments are not “disability compensation.” Wood, 520 F.3d. at 1349 n. 3. Thus, it is a logical extension that, if dependency and indemnity compensation benefits are not “disability compensation,” 1151 claims also fall outside the purview of “disability compensation.” Although these Federal Circuit cases were decided in the context of dependency and indemnity compensation claims, section 1151 claimants also seek compensation for injuries that are not connected to active service as defined by 38 C.F.R. § 3.4. Thus, by analogy, section 1151 claims fall into the category of “any other benefit” administered by the Secretary, and section 5103A(a) is therefore the correct standard to use to determine whether VA must provide a medical examination or opinion.
In addition, in Alleman v. Principi, 349 F.3d 1368 (Fed.Cir.2003), the Federal Circuit decided that veterans receiving benefits under section 1151 were not entitled to Service Disabled Veterans’ Insurance under 38 U.S.C. § 1922. The Federal Circuit determined that section 1151 “does not accord service-connected status to a veteran’s disability or death, but rather provides that in certain instances a veteran’s disability or death will be treated ‘as if it were service connected.” Id. at 1370. Further, the Federal Circuit reiterated that, “for a disability to be ‘service-connected,’ the disability must have been incurred or aggravated ‘in the line of duty in the active military, naval, or air service.’ ” Id. (quoting 38 U.S.C. § 101(16)).
Finally, although section 1151 appears in the chapter titled “Compensation for Service-Connected Disability or Death,” and in the sub-chapter “General compensation provisions” this is not inconsistent with the above analysis. The logical interpretation of this location is that the compensation awarded pursuant to section 1151 is paid in the same manner as if the disability was service connected, even though section 1151 benefits are not “claimfs] for disability compensation.”
In light of the above discussion, I strongly believe that 38 U.S.C. § 5103A(a) provides the correct standard for when a VA medical examination or opinion is required in claims under section 1151.
*287 D. Comparing 5103A(a) and 5103A(d)
Sections 5103A(a) and 5103A(d) “apply wholly different and unrelated requirements,” and are “dramatically different [in] scope.” Wood, 520 F.3d. at 1349. Section 5103A(a) “requires [ ] VA to provide a claimant with a free medical opinion whenever such an opinion is (1) ‘necessary to substantiate [the] claim,’ unless (2) ‘no reasonable possibility exists that such assistance would aid in substantiating [the] claim.’ ” Wood, 520 F.3d.at 1349 (quoting 38 U.S.C. § 5103A(a)). On the other hand, section 5103A(d) requires that “the claimant [] demonstrate that the record evidence (1) ‘contains competent evidence that the claimant has a current disability, or persistent or recurrent symptoms of disability;’ (2) ‘indicates that the disability or symptoms may be associated with the claimant’s active military, naval, or air service;’ and (3) ‘does not contain sufficient medical evidence for the Secretary to make a decision on the claim.’” Id. at 1349-50 (quoting 5103A(d)(2)).[7]
E. Application of Law To This Case
Section 5103A(a) requires that VA “assist a claimant in obtaining a medical opinion or examination whenever such an opinion is ‘necessary to substantiate the claimant’s claim,’ ” and “only excuses [ ] VA from making reasonable efforts ... when ‘no reasonable possibility exists that such assistance would aid in substantiating the claim.’” Wood, 520 F.3d.at 1348 (quoting 38 U.S.C. § 5103A(a)).
Mr. Trafter sought VA disability benefits under section 1151, advancing two theories of VA negligence: (1) that VA medical personnel failed to timely diagnose and treat his breast cancer, which led to the development or aggravation of his mental disability; and (2) that VA misdiagnosed him with bipolar disorder, which, in turn, caused or aggravated his mental disability. R. at 8.
Here, the Board cited section 5103A(d) and summarily determined that (1) Mr. Trafter is not competent to opine as to whether the timeliness of his breast cancer diagnosis or misdiagnosis of his mental condition demonstrates negligence; and (2) no other competent evidence of record exists demonstrating fault on the part of VA. R. at 6, 15-16. The Board then considered the merits of Mr. Trafter’s section 1151 claim without ever discussing whether a medical opinion was “necessary to substantiate” his claim or explaining why “no reasonable possibility exists that [a medical opinion] would aid in substantiating [his] claim.” 38 U.S.C. § 5103A(a)(l, 2). Although “[t]he duty to assist is not boundless in its scope,” without competent evidence of record or a medical opinion discussing the theories on which Mr. Trafter’s section 1151 claim is based, it is unclear how the Board could reach the conclusion that Mr. Trafter’s mental disability *288 is not the result of VA negligence. R. at 4; see Golz v. Shinseki 590 F.3d 1317, 1320 (Fed.Cir.2010) (holding that VA’s “duty to assist is not boundless in scope”). The Board’s treatment of this issue is concluso-ry, and a more thorough discussion is needed for Mr. Trafter to understand the Board’s reasoning and for the Court to conduct a proper review. See Gilbert v. Derwinski, 1 Vet.App. 49, 52 (1990) (holding that the Board must provide an adequate statement of reasons or bases for its conclusions that permits the claimant to understand why the Board made the determination it did and to allow effective judicial review of that decision).

. This Court, in an attempt to speak more specifically, has eschewed the use of the term "claim for service connection.” See Hillyard v. Shinseki, 24 Vet.App. 343, 355 (2011).

. Section 5103A(d) provides in full:
(1) In the case of a claim for disability compensation, the assistance provided by the Secretary under subsection (a) shall include providing a medical examination or obtaining a medical opinion when such an examination or opinion is necessary to make a decision on the claim.
(2) The Secretary shall treat an examination or opinion as being necessary to make a decision on a claim for purposes of paragraph (1) if the evidence of record before the Secretary, taking into consideration all information and lay or medical evidence (including statements of the claimant)—
(A) contains competent evidence that the claimant has a current disability, or persistent or recurrent symptoms of disability; and
(B) indicates that the disability or symptoms may be associated with the claimant’s active military, naval, or air service; but
(C) does not contain sufficient medical evidence for the Secretary to make a decision on the claim.