Citation Nr: 1730440 
Decision Date: 07/31/17 Archive Date: 08/04/17

DOCKET NO. 13-04 289 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to a total disability evaluation based on individual unemployability due to service-connected disability (TDIU) prior to February 14, 2008.


REPRESENTATION

Veteran represented by: Charles D. Romo, Attorney


ATTORNEY FOR THE BOARD

C.A. Skow, Counsel



INTRODUCTION

The Veteran served on active duty from January 1996 to July 2007.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a November 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida.

In April 2015, the Board remanded the case for consideration of TDIU prior to February 14, 2008 on an extraschedular basis by the VA Director of Compensation Services.


FINDING OF FACT

Resolving reasonable doubt in the Veteran's favor, his service-connected disabilities rendered him unable to obtain or maintain substantially gainful employment for the period from July 24, 2007, to February 14, 2008.


CONCLUSION OF LAW

The criteria for TDIU on an extraschedular basis are met from July 24, 2007, to February 14, 2008. 38 U.S.C.A. §§ 1155, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.340, 3.341, 4.3, 4.15, 4.16 (2016).


REASONS AND BASES FOR FINDING AND CONCLUSION

Entitlement to a TDIU requires the presence of impairment so severe that it is impossible for the average person to follow a substantially gainful occupation. See 38 U.S.C.A. § 1155; 38 C.F.R. §§ 3.340, 3.341, 4.16. A TDIU may be assigned to a veteran who meets certain disability percentage standards and is "unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities." 38 C.F.R. § 4.16(a). Alternatively, if a claimant is found to be unemployable because of service-connected disabilities, but does not meet the percentage standards set forth in § 4.16(a), the rating authority should refer the matter to the director of the Compensation Service for extraschedular TDIU consideration. 38 C.F.R. § 4.16(b).

In this case, the record shows that a November 2009 rating decision granted the claim for TDIU, effective from February 14, 2008. The Veteran appealed that decision to the extent that TDIU was not granted prior to February 14, 2008. Prior to February 14, 2008, it is uncontroverted that the Veteran did not meet the percentage standards for TDIU under 38 C.F.R. § 4.16(a). In August 2016, the VA Director of Compensation Services denied TDIU on an extraschedular basis under 38 C.F.R. § 4.16(b). During the period of time from July 24, 2007 to February 14, 2008, the Veteran's service-connected disabilities were degenerative disc disease status post fixation at L4-L5 (10%); depressive disorder with pain disorder (10%); radiculopathy of the left lower extremity (10%); radiculopathy of the right lower extremity (10%), and status post right knee sprain (0%). His combined disability evaluation was 40 percent.

Having carefully reviewed the record, the Board finds that TDIU is warranted on an extraschedular basis under 38 C.F.R. § 4.16(b), resolving all doubt in favor of the Veteran, for the 7 months period of time prior to his establishing entitlement to higher schedular evaluations for service-connected disabilities and meeting the criteria for schedular TDIU. The record shows that the Veteran has 2 years of college and has not worked since roughly 2004 due to back disability. He was on the Temporary Disability Retirement List (TDRL) with the U.S. Air Force for an extended period of time prior to his separation on July 23, 2007.

Specifically, the record shows that the Veteran developed back problems in service that required surgeries. It was noted that his work involved moving missiles. He underwent lumbar surgery in 2003 and 2004, and associated records reflect lower extremity radicular symptoms. In 2005, the Veteran underwent additional surgery-lumbar reconstruction at L4-L5, and dorsal simulator placement was recommended in April 2006. Subsequently, the Veteran underwent physical therapy, nerve block treatments, and eventual hardware removal in 2007 for ongoing lumbar spine symptoms.

Report of VA examination dated in December 2007 reflects symptoms of fatigue, decreased motion, stiffness, weakness, and severe pain described as constant and daily with radiation into the lower extremities. The examiner observed that the Veteran used a cane and was unable to walk more than few yards. The Veteran treated his pain with narcotic-type medication that caused drowsiness. Records from the Social Security Administration (SSA) reflect that the Veteran was disabled due to his back and mental disorder, which are service connected disorders. With regard to the lumbar spine disorder, a September 2010 SSA decision reflects that the Veteran was unable to perform even sedentary type work due to chronic pain since July 1, 2004-although SSA stated that it would revisit the matter later as "Medical improvement is expected with appropriate treatment." A December Physical Evaluation Board noted that the Veteran's condition had not changed since he was placed on the TDRL and that his back disorder had not stabilized-citing that the Veteran had to ambulate with a wheeled walker and he experienced chronic pain that prevented his working.

In view of the above, the Board believes that TDIU from July 24, 2007, to February 14, 2008 is warranted-affording the Veteran the benefit of any doubt. See 38 C.F.R. §§ 3.102, 4.16(b). See also Bowling v. Principi, 15 Vet. App.1 (2001); Anderson v. Principi, 18 Vet. App. 371 (2004) (The Board has jurisdiction to review determinations by the VA Director of Compensation). In reaching this determination, the Board finds that there is evidence showing that the Veteran's service-connected disabilities alone are of "sufficient severity to produce unemployability" during the period at issue. Hatlestad v. Brown, 5 Vet. App. 524, 529 (1993). In this regard, the evidence shows that the Veteran's back disorder caused not only physical restrictions, but that his symptoms (pain) and treatment regime (Percocet) caused him to be unable to perform even sedentary-type work. Hence, the Veteran appears to have been unable to perform the physical and mental acts required by employment from July 24, 2007 to February 14, 2008. See Van Hoose v. Brown, 4 Vet .App. 361, 363 (1993). Accordingly, the claim is granted.

ORDER

TDIU on an extraschedular basis from July 24, 2007 to February 14, 2008 is granted subject to the laws and regulations governing monetary awards.




____________________________________________
G. A. WASIK
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs